UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RONALD LAMONT DAVIS,

                Plaintiff,                    Case No. 1:23-cv-1225

v.                                       Honorable Paul L. Maloney

UNKNOWN FIERING et al.,

                Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. The Court previously referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. (ECF No. 4.) The case was removed from early mediation on December 7, 2023, pursuant to a request filed by Plaintiff. (ECF Nos. 8 and 9.) The Court then reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. That review has led the Court to conclude that Plaintiff has adequately set forth First Amendment retaliation claims against Defendants. Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that, because the Court granted Plaintiff leave to proceed *in forma pauperis* in the November 28, 2023, order (ECF No. 4) referring this case to mediation, Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with

28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals, which is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendants shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, Defendants are not required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a defendant

2

has filed an appearance, proceedings in this case will be governed by the Court's Standard Case

Management Order in a Prisoner Civil Rights Case.


Dated:   December 12, 2023                              /s/ Ray Kent
                                                        Ray Kent
                                                        United States Magistrate Judge

**<u>SEND REMITTANCES TO</u>**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

 **All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**