UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMONT DAVIS, #223815,  )
                 Plaintiff,  )
                   )    No. 1:23-cv-1225
-v-  )
                   )    Honorable Paul L. Maloney
UNKNOWN FIERING and DALE BONN,  )
                 Defendants.  )
                   )

## ORDER ADOPTING REPORT AND RECOMMENDAITON

Plaintiff Ronald Davis, a prisoner with the Michigan Department of Corrections, alleges Defendants Fiering and Bonn violated his civil rights by retaliating against him. Defendants filed a motion for summary judgment (ECF No. 29). The Magistrate Judge issued a report recommending the Court grant Defendants' motion (ECF No. 24). Plaintiff filed objections. The Court will adopt the report and recommendation and will grant Defendants' motion.

### I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

The Magistrate Judge identified at least three reasons to grant Defendants' motion. The Magistrate Judge concludes that Plaintiff filed a frivolous grievance which did not constitute protected conduct. The Magistrate Judge concludes that Plaintiff's transfer from one facility to another did not constitute an adverse action. The Magistrate Judge also concludes that neither Defendant caused Plaintiff to be transferred.

Objection 1. Plaintiff asserts that the record contains a genuine dispute of fact about whether his grievance relies on an existing work rule. The Magistrate Judge concludes that the grievance asserted a violation of a non-existent work rule.

The Court overrules Plaintiff's objection. Plaintiff grieved the loss of break between 12:45 and 1:00. The Magistrate Judge finds that any break during this time was not based on any written policy and was based on an unspoken agreement between the prisoners and Michigan State Industries (MSI). In his response and in this objection, Plaintiff relies on a posting that refers to a break from 1:00 to 1:15. But, Plaintiff did not grieve the loss of a break from 1:00 to 1:15. In their reply, Defendants submitted an MSI posting that notified the prisoners that, effective July 10, 2023, the prisoner would no longer get a break at 12:45. Defendants' exhibit supports Plaintiff's claim that prisoners did enjoy a break at 12:45. But, the totality of Defendants' evidence establishes that ending the 12:45 break did not violate any work rule.

Objection 2. Plaintiff insists that his grievance also asserted that Defendant Fiering threatened Plaintiff with retaliation for filing a grievance, which Plaintiff contends constitutes protected conduct.

The Court overrules Plaintiff's objection. Filing a grievance amounts to protected conduct when the grievance is not frivolous. Similarly, the threat to file a grievance constitutes protected conduct only when the threatened grievance is not frivolous. *Miles v. Helinski*, No. 20-1279, 2021 WL 1238562, at *3) (6th Cir. Jan. 29, 2021). Defendant allegedly threatened retaliation if Plaintiff were to file a frivolous grievance. Defendant did not threaten to retaliate against Plaintiff for engaging in protected conduct.

Objection 3. Plaintiff objects to the Magistrate Judge's consideration of the exhibit attached to Defendants' reply brief. Plaintiff argues that the evidence is not admissible.

The Court overrules Plaintiff's objection. In their motion, Defendants addressed the sources of the alleged policy that Plaintiff identified in his grievance. In his response, Plaintiff identified a posting about plant procedures as the source of the alleged policy. Defendants' reply and the exhibit properly addressed an argument Plaintiff raised in his response. At the summary judgment stage, a party need not submit evidence in a form that would be admissible at trial but the evidence must ultimately be admissible at trial. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Plaintiff's concerns about Defendants' exhibit do not persuade the Court that the exhibit would be inadmissible at trial or irrelevant.

Objection 4. Plaintiff objects to the R&R asserting that the grievance identified an adverse action, specifically the threat to transfer Plaintiff.

The Court overrules Plaintiff's objection. The grievance itself was not protected conduct. Defendants did not initiate the transfer. Plaintiff's authority, *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) explains that the threat of "disciplinary sanctions" is an adverse action. Defendant, however, did not threaten Plaintiff with disciplinary sanctions

(disciplinary detention and the loss of good time credits). To constitute an adverse action, the threat of a transfer must result in "foreseeable negative consequences to the particular prisoner." *Hill v. Lappin*, 630 F.3d 468, 474-75 (6th Cir. 2010). Plaintiff has not placed sufficient evidence in the record to establish that the specific threat of a transfer allegedly made by Defendant constituted the sort of threat recognized by courts as an adverse action.

Objections 5-7. Plaintiff generally objects to the R&R. The Court overrules these objections as too general.

Objection 8. Plaintiff contends that disputes of fact remain. The Court overrules Plaintiff's objections. The alleged factual disputes do not implicate the facts that the Magistrate Judge relied upon to recommend granting Defendant's motion. The Court notes that Kessler initiated Plaintiff's transfer for nonretaliatory reasons (ECF No. 30-4 ¶¶ 3-4 PageID.144-45). To the extent Plaintiff can identify factual disputes with assertions made by Defendant Fiering and Defendant Bonn in their affidavits, those disputes do not require the Court to reject the finding of fact in the R&R.

Objection 9. Plaintiff objects to the conclusion that he did not suffer an adverse action. Plaintiff cites authority suggesting that the threat of retaliation may be actionable. Again, Plaintiff filed a frivolous grievance so he did not engage in protected conduct. Defendants did not initiate the transfer. And, the *Hill* opinion provides parameters for retaliatory transfer threats, parameters not met in this case.

Objection 10. Plaintiff contends that he has demonstrated at least a dispute about whether he can meet the "exceptional circumstances" to establish an adverse action transfer.

5

The Court overruled Plaintiff's objection.   The facts on which Plaintiff relies here (missing property) are inconveniences associated with all prisoner transfers.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 34). The Court **GRANTS** Defendants' motion for summary judgment (ECF No. 29).  **IT IS SO ORDERED.**

Date:    January 24, 2025              /s/  Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge